UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
EL-JURDI, *et al.*                              :
                                                :     CASE NO. 1:11-CV-00520
            Plaintiffs,                         :
                                                :
vs.                                             :     ORDER
                                                :
EL-BALAH, *et al.*                              :
                                                :
            Defendants.                         :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this malicious prosecution case, the Plaintiffs file motion to remand this case to state court. [Doc. 11.] The action was originally filed in Cuyahoga County Court of Common Pleas and the Defendants removed this case to federal court on March 14, 2011. [Doc. 1.] The Defendants oppose the motion to remand. [Doc. 17.] Upon reviewing the complaint and briefing related to the motion to remand, the Court believes that it may not have proper diversity jurisdiction over this case. *See* 28 U.S.C. § 1332; *Buchel- Ruegsegger v. Buchel*, 576 F.3d 451 (7th Cir. 2009).

The presence or absence of jurisdiction to hear a case is the "first and fundamental question presented by every case brought to the federal courts." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) (internal citation and quotation marks omitted). Accordingly, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d

-1-

Case No. 1:11-CV-00520
Gwin, J.

459, 465 (6th Cir. 2009). This duty arises because federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

Accordingly, the Court **ORDERS** that the parties submit briefing and evidence related to the domicile of the Defendants and whether the Court has proper subject matter jurisdiction over this action. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). The Defendants shall submit an opening brief, along with supporting evidence, by May 30, 2011; the Plaintiffs shall file a reply, as well as any relevant evidence, by June 13, 2011. After resolution of this jurisdictional issue, the Court will reschedule the Case Management Conference.

IT IS SO ORDERED.

Dated: May 10, 2011                          s/    *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE